## EVANS vs. SAUL & WIFE.

APPEAL from the court of the fifth district, the judge of the court presiding.

PORTER, J. delivered the opinion of the court. This action was brought against the

8NS 247
f122 261

A casual residence in another parish is not such a change of residence, as legally to transfer the domicil from the usual and perma-

West'n. District.
Sept'r. 1829.

Evans
vs.
Saul & Wife.

nent place of abode.

An allegation in a petition, that the defendant was a resident of the parish where suit is instituted, but had left the state, is sufficient to ground an attachment.

But an allegation that the wife lives in another parish, will not authorise a citation to be sent there and served on the husband and wife. Such service is bad.

Where it appears that the defendant has absconded merely to avoid a criminal prosecution, and not to avoid being *cited*, the case does not warrant an attachment, but an ordinary citation left at his domicil or last place of residence is sufficient.

Where an attachment improperly issues in a suit, the ordinary proceedings will go on, but the attachment will be dismissed at the plaintiff's cost.

husband to recover a debt alleged to be due by him, and to enforce it as a privileged claim on a lot to which the wife set up a right of property. The husband is stated in the petition to have departed from the state without the intention of returning, and a writ of attachment is asked against his effects. The wife is averred to be a resident of the neighboring parish, (St. Martin,) and citation is prayed against her.

The affidavit, annexed to the petition, declares, that the defendant conceals himself to avoid being cited.

A writ of citation and attachment was issued as prayed for: the attachment was regularly served. On the citation there is two returns. *The first* is "served by leaving the same at the last place of residence of Thomas S. Saul, in this parish, with H. Deman, personally known to me to be a free person above the age of fourteen years, residing therein." This return is dated the 1st January, 1829. The other is as follows: "Received, Friday, January 16th, 1829, at 4 o'clock P. M." "This 17th January, 1829, delivered a true copy of this citation, with a certified copy of the petition thereto annexed,

to Thomas S. Saul. (Signed,) John C. Constant, one of the constables of the parish of St. Martin." "I hereby authorise J. C. Constant, one of the constables of the parish of St. Martin, as my lawful deputy to serve this writ and accompanying petition. January 16th, 1829. Wm. Palfrey, sheriff p. St. Martin."

The husband filed several exceptions:

1. That the court had no jurisdiction, because he was a resident of the parish of St. Martin, at the time the action was instituted.

2. That he was not legally cited.

3. That the court had no power to send its writ to another parish.

4. That the sheriff could not appoint a deputy in the manner he did.

5. That the citation was not legally served in the parish of St. Martin.

6. That the attachment was improperly issued, the fact of his concealment to avoid process, being untrue.

7. That no inventory was made by the sheriff of the property seized under the writ of attachment.

West'n. District.
*Sept'r.* 1829.

EVANS
*vs.*
SAUL & WIFE.

The word "garnishee" is inserted in the English text of 258th article, in the Code of Practice, by mistake. It should be *defendant.*
The wife has no legal domicil but that of her husband, and a citation left at his domicil, is legal service on her.

The court below overruled these exceptions.

The 4th, 5th and 7th, have been abandoned before this court.

We do not think the court was without jurisdiction. The defendant resided in St. Martin. But his residence was casual. Nothing shows he intended to fix his domicil there. It is, on the contrary, proved that he contemplated his stay being temporary. The court therefore of the parish, where his domicil had been, was that which had jurisdiction, for there was no legal change of it.— *Code of Practice,* 166, 167, 168. *La. Code,* 43.

The remaining exceptions will be properly considered together. Saul is stated in the petition to have been a resident of the parish of St. Landry, (where the suit was commenced,) but that he had departed from the state. His wife is averred to have removed to St. Martin. This allegation in the petition authorised an attachment, but did not give jurisdiction to the court to send process into another parish to cite him personally.

The statement in the petition of the wife having removed into another parish, does not

make the service good. The 181st article of
the *code of practice* only authorises citations in different parishes, in the cases enumerated
in the 164th, 165th and 166th article of that work.

The service made at the *last* place of residence of the defendant in the parish, has been contended to be bad, because such a citation is not legal, unless the case was a proper one for attachment, and it is urged this was not. We have perused the evidence. It proves clearly, that the defendant absconded to avoid a criminal prosecution, and not to prevent civil suits from being commenced against him. The Code of Practice requires the concealment to have for its object, the desire to avoid being cited. This must be the motive: and, where another cause produces concealment, the authority of the law is wanting to attach the goods of the defendant. Ordinary citation by leaving the petition at his domicil, must be resorted to by those who have demands against him.

We are of opinion, the attachment was not taken out in a case authorised by law. It must therefore be set aside. But the proceedings do not fall to the ground by this

mistake. The only consequence is to make the plaintiff responsible for the costs. The Code of Practice is explicit to that effect. It provides, that if the defendant should show that the allegations on which the writ issued, are false, the attachment should be dismissed: and the party will be allowed to proceed in his defence, as in ordinary suits. The word *garnishee* is used in the English text of this article. But it is evident, from the French part of it, as well as from the whole context, that the insertion of it is a clerical or typographical error—the word *defendant* was intended by the legislature, and must be understood by the court.

The wife is stated in the petition to have removed to St. Martinsville. She states in her exception, that she is there domiciliated, and should be there sued. A married woman, not separated from her husband, can have no domicil but his. The court of the parish of St. Landry, therefore, had jurisdiction, and service of the citation on the husband was a good service on her. *Code of Practice* 182. *La. Code, art.* 48.

We see no error in the judgment of the court rendered on the merits, but it must be

reversed in consequence of making the defendant responsible for all the costs.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed. And it is further ordered, adjudged and decreed, that the plaintiff do recover of the defendants the sum of two hundred and ninety-three dollars and sixty-eight cents, to be paid as a privilege debt on the houses mentioned in the petition; and that they be seized and sold to satisfy this judgment, with the costs of suit, excepting those incurred in levying the attachment and serving copies of citation in St. Martins; which, together with the costs of the appeal, are to be paid by the plaintiff and appellee.

*Bowen* for plaintiff, *Garland* for defendants.